# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| TOMMY WEBSTER, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:15-CV-554-PPS-CAN |
| U.S. ATTORNEY, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This is a civil lawsuit brought by Tommy Webster, *pro se*, in an effort to obtain the return of (or compensation for) a number of items seized by the South Bend Police Department from his home pursuant to a warrant issued by the St. Joseph Superior Court in March 2011. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In connection with events related to the seizure of the property at issue here, Webster was charged and convicted of federal crimes. *See United States v. Webster*, 3:11-CR-67 (N.D. Ind. filed May 12, 2011). In that criminal proceeding, Webster also litigated his claims about these items, filing a Motion to Reopen & For Review & Mandamus

Regarding Records Inaccuracies Based Property Divestiture & for Other Necessary and Warranted Relief.  *Id.* at DE 126.  Webster requested that the Court reopen the action and grant the return of his property or its monetary equivalent of $80,000.  *Id.*  In denying Webster's motion, Judge Miller ruled that "the undisputed evidence clearly shows that the federal government doesn't have possession of the items Mr. Webster seeks."  *Id.* at DE 130.  That ruling was based on affidavits explaining that these items were seized by the South Bend Police Department, but never turned over to federal authorities.  *Id.* at DE 129-1, 2.  To the extent that Webster disagrees with that ruling, he may challenge it in that proceeding, but he cannot re-litigate it in this one.  *See Ross v. Bd. of Educ. of Twp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) ("A fundamental precept of common-law adjudication . . . is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." (citations and quotations omitted)).

Webster is suing four defendants:  U.S. Attorney, Assistant U.S. Attorney R. Schaffer, South Bend Police Chief, and St. Joseph County States Attorney.  Given Judge Miller's ruling, it is frivolous to sue federal defendants because the relief sought is not available to Webster because the Federal Government does not have the property in question.  Therefore, the U.S. Attorney and Assistant U.S. Attorney must be dismissed with prejudice.

The two State defendants – South Bend Police Chief and St. Joseph County States Attorney – must also be dismissed, but without prejudice. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the Fourteenth Amendment by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the State of Indiana provides a means to obtain redress for Webster's loss through the Indiana Tort Claims Act, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment. Therefore the two State defendants will be dismissed without prejudice so that Webster may pursue those claims in State court, should he choose to do so.

This complaint does not state a claim, and it does not appear that Webster could state a claim, here in federal court. Nevertheless, I will grant him the opportunity to file an amended complaint in this case if he believes that he can state a claim against any of these defendants in this Court. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1022-23 (7th Cir. 2013).

For these reasons, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Tommy Webster;

(2) **GRANTS** Tommy Webster until January 14, 2016, to file an amended complaint; and

(3) **CAUTIONS** Tommy Webster that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

**SO ORDERED**.

ENTERED: December 17, 2015

 s/ Philip P. Simon  
**PHILIP P. SIMON, CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**
