## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

TOMMY WEBSTER,                    )
                                 )
                Plaintiff,       )
                                 )        CAUSE NO. 3:15-cv-554-PPS
        vs.                      )
                                 )
U.S. ATTORNEY, *et al.*,         )
                                 )
                Defendants.      )

## OPINION AND ORDER

Tommy Webster, a *pro se* prisoner, filed an amended complaint [DE 9] on
January 4, 2016 that was not docketed until after my prior order [DE 8] was entered on
January 5, 2016. As a result of that delay and based on his reply [DE 6] to my prior
December 17, 2015 order [DE 4] granting him until January 14, 2016 to file an amended
complaint and cautioning him that if he did not respond to that deadline, this case
would be dismissed without further notice because the current complaint did not state a
claim, it appeared to me that Webster needed additional time to file an amended
complaint. So in my January 5, 2016 order [DE 8], I granted him until February 11, 2016,
to do file an amended complaint. It is now clear, however, that Webster does not need
additional time to file an amended complaint because did so on January 4, 2016.

Webster's amended complaint does not differ from the complaint in any
meaningful way and fails to remedy the deficiencies in the complaint. In the amended
complaint, Webster seeks compensation for a number of items seized by the South Bend
Police Department from his home pursuant to a warrant issued by the St. Joseph

Superior Court in March 2011. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In connection with events related to the seizure of the property at issue here, Webster was charged and convicted of federal crimes. *See United States v. Webster*, 3:11-CR-67 (N.D. Ind. filed May 12, 2011). In that criminal proceeding, Webster also litigated his claims about these items, filing a Motion to Reopen & For Review & Mandamus Regarding Records Inaccuracies Based Property Divestiture & for Other Necessary and Warranted Relief. *Id.* at DE 126. Webster requested that the Court reopen the action and grant the return of his property or its monetary equivalent of $80,000. *Id.* In denying Webster's motion, Judge Miller ruled that "the undisputed evidence clearly shows that the federal government doesn't have possession of the items Mr. Webster seeks." *Id.* at DE 130. That ruling was based on affidavits explaining that these items were seized by the South Bend Police Department, but never turned over to federal authorities. *Id.* at DE 129-1, 2. To the extent that Webster disagrees with that ruling, he may challenge it in that proceeding, but he cannot re-litigate it in this one. *See Ross v. Bd. of Educ. of Twp. H.S. Dist.*, 211, 486 F.3d 279, 282 (7th Cir. 2008) ("A fundamental

precept of common-law adjudication . . . is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." (citations and quotations omitted)).

In his amended complaint, Webster is suing four defendants. Two of them are federal officials who Judge Miller ruled never had possession of the seized property. Suing them in this case is frivolous. Defendants U.S. Attorney and Assistant U.S. Attorney R. Schaffer, therefore, will be dismissed with prejudice.

Webster is also suing two State defendants. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the State of Indiana provides a means to obtain redress for Webster's loss, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment. Therefore, the two State defendants, South Bend Police Chief and St. Joseph County States Attorney, will be dismissed without prejudice so that he may pursue those claims in State court should he choose to do so.

For these reasons, the Court:

(1) **DISMISSES WITH PREJUDICE** defendants U.S. Attorney and Assistant U.S.

Attorney R. Schaffer;

(2) **DISMISSES WITHOUT PREJUDICE** South Bend Police Chief and the St.

Joseph County States Attorney; and

(3) **DIRECTS** the clerk to enter judgment accordingly.

**SO ORDERED**.

ENTERED: January 15, 2016

 s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**