UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TOMMY WEBSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-554-PPS-CAN |
| vs. | ) |
| | ) |
| U.S. ATTORNEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Tommy Webster, a *pro se* prisoner, filed a motion asking me to reopen this case because Judge Miller <u>might</u> modify an order I relied on when I dismissed this case. Then again, he might not. The possibility that order could be modified is not a basis for reopening this case. Moreover, even if Judge Miller modifies his order, there would be no basis for reopening this case.

In the amended complaint, Webster sought compensation for a number of items seized by the South Bend Police Department from his home pursuant to a warrant issued by the St. Joseph Superior Court in March 2011. In connection with events related to the seizure of the property at issue here, Webster was charged and convicted of federal crimes. *See United States v. Webster*, 3:11-CR-67 (N.D. Ind. filed May 12, 2011). In that criminal proceeding, Webster also litigated his claims about these items. Motion to Reopen & For Review & Mandamus Regarding Records Inaccuracies Based Property Divestiture & for Other Necessary and Warranted Relief, *United States v. Webster*, 3:11-CR-67 (N.D. Ind. Nov. 2, 2015), ECF No. 126. Two of the defendants to this action are

federal officials who Judge Miller, presiding over the criminal proceeding, ruled never had possession of the seized property and, as such, I dismissed them from this case. [DE 10.] Specifically, Judge Miller ruled that "the federal government doesn't have possession of the items Mr. Webster seeks." Order, *United States v. Webster*, 3:11-CR-67 (N.D. Ind. Nov. 30, 2015), ECF No. 130.

Since then, the United States Attorney has conceded to having three items that were admitted during Webster's criminal trial and that can be returned if Judge Miller modifies his order. So if Judge Miller agrees, Webster will get those three items back. If Judge Miller's original order had said exactly what the anticipated modified order is expected to say, this case would have still been dismissed. Thus, there is no reason to reopen this case. Webster will either win or lose based on the proceedings in his criminal case. As I explained in my order dismissing this case, Webster can challenge that ruling in his criminal case, but he cannot re-litigate it in this one. [DE 10 at 2-3.]

Finally, Webster also filed a motion indicating that he has agreed to donate a portion of his recovery to charity. [DE 29.] If Webster wants to give something to charity, he can do so. No motion is necessary.

For these reasons, Webster's motions [DE 28 and 29] are **DENIED**.

**SO ORDERED**.

ENTERED: January 27, 2017

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**